UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES THOMAS,

       Petitioner,                                Civil Action No.
                                                  09-CV-13819

vs.

                                                  HON. MARK A. GOLDSMITH

DEBRA SCUTT,

       Respondent.
_____/

## ORDER GRANTING PETITIONER'S
## REQUEST TO DISMISS THE 28 U.S.C. § 2254 HABEAS
## CORPUS ACTION AND DISMISSING THE MATTER WITHOUT PREJUDICE

On September 28, 2009, Petitioner Charles Thomas, a Michigan state prisoner currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. Petitioner pleaded no contest to (1) assault with a dangerous weapon (felonious assault), MICH. COMP. LAWS § 750.82, (2) assaulting, resisting, and obstructing a police officer, MICH. COMP. LAWS § 750.81d(1), and (3) second-degree retail fraud, MICH. COMP. LAWS § 750.356d. He was sentenced as a habitual offender, fourth offense, MICH. COMP. LAWS § 769.13, to four years ten months to fifteen years in prison for the felonious-assault and assaulting-a-police convictions, and one year in prison for the second-degree-retail-fraud conviction. In his *pro se* pleadings, Petitioner alleges that his no contest plea was involuntary because it was allegedly coerced by trial counsel. Petitioner argues that his due process rights were violated when the trial court refused to allow him to withdraw the plea under such circumstances.

Pending before the Court is Petitioner's "Affidavit to Dismiss Appeal," filed on September 13, 2010, requesting "that the above-entitled cause be dissolved and removed from this court's

docket." Affidavit and Offer of Proof. The Court construes Petitioner's request as a motion to dismiss his habeas-corpus proceedings under Fed. R. Civ. P. 41(a)(2). Respondent has not filed a response.

Fed. R. Civ. P. 41(a)(2), the civil procedure rule governing voluntary dismissals, applies to federal habeas proceedings. *See Doster v. Jones*, 60 F.Supp.2d 1258, 1259 (M.D. Ala. 1999); *Williams v. Caruso*, No. 07-CV-11291, 2008 WL 544954, at *1 (E.D. Mich. Feb. 25, 2008). In this case, Petitioner is entitled to a voluntary dismissal of his habeas petition because there is no evidence that Respondent will suffer prejudice from the dismissal other than the prospect of a second habeas petition in the future. *See Doster*, 60 F.Supp.2d at 1260. The Court also notes that, subject to certain exceptions, the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) permit a person who is in custody pursuant to a state court judgment to bring only one habeas petition challenging that state court judgment on the merits. *See* 28 U.S.C. § 2244(b). In determining whether a habeas petitioner is entitled to voluntarily dismiss his habeas petition without prejudice, federal courts must "ensure that the petitioner's ability to present claims of constitutional violations is not abridged merely because the petitioner has unwittingly fallen into a procedural trap created by the intricacies of habeas corpus law." *See Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993).

In this case, Petitioner will be allowed the opportunity to voluntarily withdraw his habeas petition. The Court is well aware that a habeas petitioner should not be permitted to thwart the limitations on the filing of second or successive habeas petitions by withdrawing his first habeas petition "as soon as it becomes evident that the district court is going to dismiss it on the merits." *See Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997). Unlike the habeas petitioner in *Felder*,

Petitioner filed his request to withdraw his habeas petition prior to any decision being rendered by the Court. There is no indication that Petitioner's request was filed in bad faith.

Based on the foregoing, and the fact that Respondent will not be prejudiced by Petitioner's voluntary dismissal of the action, the Court will grant Petitioner's request.

Accordingly,

IT IS ORDERED that Petitioner's request for dismissal [docket entry 15] is granted.

IT IS FURTHER ORDERED that the petition for writ of habeas corpus under 28 U.S.C. § 2254 [docket entry 1] is dismissed without prejudice. This case is closed. Should Petitioner wish to seek federal habeas relief again, he must file a new habeas petition in federal court within the time remaining on the one-year statute of limitations.


Dated: October 6, 2010             s/Mark A. Goldsmith
       Flint, Michigan             HON. MARK A. GOLDSMITH
                                   United States District Judge


The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on October 6, 2010.

                                   s/Deborah J. Goltz
                                   DEBORAH J. GOLTZ
                                   Case Manager